IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRED S. BADMAN,                         :
     Petitioner
                                                    :

     vs.                              :   MISC. NO. 1:MC-06-241

                                                    :
INTERNAL REVENUE SERVICE, et al.,
     Respondents              :

*M E M O R A N D U M*

       Pursuant to 26 U.S.C. § 7602(a)(2), an IRS agent served summonses on a third-party record keeper, PNC Bank, at a bank location in Pittsburgh, Pennsylvania, to produce financial records relating to Fred S. Badman. Pursuant to 26 U.S.C. § 7609(b)(2)(A), Badman filed a petition to quash the summonses. The government has now filed a motion to dismiss the petition to quash on the basis that such a petition must be filed in the district where the record keeper is located, and PNC Bank is located in Pittsburgh, in the Western District of Pennsylvania, not here in the Middle District.

       We disagree with the government. We have jurisdiction over a petition to quash "if the person to be summoned resides or is found" in the Middle District of Pennsylvania. 26 U.S.C. § 7609(h)(1). It might be that PNC Bank could at least be found in the Middle District, if not residing here. *Cf. Blackburn v.*

*Walker Oriental Rug Galleries, Inc.*, 999 F. Supp. 636, 638 (E.D. Pa. 1998)(for copyright venue purposes a defendant is found where it is amenable to personal jurisdiction).

We recognize that the Fifth Circuit has stated that a petition to quash must be filed in the district where the summons was served, *see Deal v. United States*, 759 F.2d 442, 444 (5th Cir. 1985), but that case was controlled by *Masat v. United States*, 745 F.2d 985, 988 (5th Cir. 1984), and in *Masat* the taxpayer had waived an argument that jurisdiction was proper in the filing district because the bank had a branch there. *Id.* In any event, in *Deal* the record keeper was not residing nor found in the district where the petition was filed. 759 F.2d at 444. In the remaining cases the government cites, *Kondik v. United States*, 922 F. Supp. 54, 55 (N.D. Ohio 1995); *Dennis v. United States*, 660 F. Supp. 870, 873 (C.D. Ill. 1987); and *Dial v. United States*, 599 F. Supp. 475, 476 (S.D. Tex. 1984), the record keeper was likewise either not residing, or not found, in the district where the petition to quash was filed.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 28, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRED S. BADMAN,                      :
      Petitioner
                                   :

    vs.                              :     MISC. NO. 1:MC-06-241

                                   :
INTERNAL REVENUE SERVICE, et al.,
      Respondents           :


*O R D E R*

AND NOW, this 28th day of November, 2006, it is ordered that Respondents' motion (doc. 4) to dismiss the petition to quash is denied.

                                  /s/ William W. Caldwell
                                  William W. Caldwell
                                  United States District Judge