IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRED S. BADMAN,                      :
     Petitioner
                                      :

     vs.                            :   MISC. NO. 1:MC-06-241

                                      :
INTERNAL REVENUE SERVICE, et al.,
     Respondents           :

### M E M O R A N D U M

I.      <u>Introduction</u>

        On September 11, 2006, Fred S. Badman filed a petition to quash a summons served upon PNC Bank ("PNC") by an agent of the Internal Revenue Service ("IRS"). (doc. 1). The summons was issued to PNC as a third-party record-keeper in an IRS investigation of Badman. In opposing Badman's petition, the IRS seeks an order enforcing the summons. (doc. 7, p. 7). We will deny Badman's petition and require PNC to comply with the summons.

II.     <u>Background</u>

        Badman's petition to quash the summons arises from an IRS investigation into his federal tax liability from 2000 through 2003. In conducting the investigation, Donna Lamonna, the IRS Revenue Agent assigned to the matter, discovered that Badman operated businesses which used PNC Bank for financial

services.  (doc. 7, p. 5).  On August 21, 2006, Lamonna issued and served a summons on PNC Bank directing it to provide testimony and documents regarding Badman's businesses.[1]  (doc. 5, ex. 101).  The summons required PNC Bank to provide this information on September 20, 2006.  *Id*.  Lamonna notified Badman of the summons by mail on August 21, 2006.  (doc. 7, ¶ 8).

PNC failed to provide testimony on September 20, 2006, or turn over the documents requested in the summons.  Additionally, on September 11, 2006, Badman filed a petition to quash the summons issued to PNC.  (doc. 1).  The IRS moved to dismiss Badman's petition for lack of jurisdiction; however, we denied the motion.  (doc. 6).  On November 30, 2006, the IRS filed its response to Badman's petition to quash.  (doc. 7).

Badman's petition presents five arguments in support of quashing the summons.  First, Badman claims that the summons is "fraudulent on its face."  (doc. 1, p. 3).  Second, the

---

[1] Lamonna took over the Badman investigation from Revenue Agent Mitchell Daher in 2005.  doc. 5, "Declaration of Donna Lamonna."  Daher previously served a summons for Badman's records on PNC Bank's Philadelphia location on April 7, 2005. *See Badman v. Internal Revenue Service*, Docket No. 1:05-mc-00108 (M.D. Pa.).  Badman moved to quash this summons; however, we dismissed his motion as moot because Daher had withdrawn the summons. *See id.* doc. 8.  Daher then issued and served another summons on April 21, 2005, seeking the same information.  The IRS successfully enforced this summons after proceedings in the United States District Court for the Eastern District of Pennsylvania.  (doc. 5, ex. 1, ¶ 2); *United States v. PNC Bank*, Docket No. 2:05-cv-03582 (E.D. Pa. Aug. 10, 2005).

2

summons "fails to comply with Internal Revenue Service Policy." *Id*. Third, Lamonna, the revenue agent who issued the summons, lacks authority to serve a summons under IRS policy. *Id.* at 4. Fourth, the summons is an abuse of administrative process because the information is sought "for the purpose of obtaining information for a planned criminal proceeding." *Id.* at 1-2. Finally, Badman claims that the summons failed to meet three of the four requirements established by the Supreme Court for a valid IRS summons. *Id.* at 2. Badman has also submitted an affidavit supporting his motion to quash the summons. (doc. 2).

The IRS filed an opposition to Badman's motion to quash. (doc. 7). The brief discusses the bases for the summons served by Lamonna and mirrors the Declaration submitted in the IRS's motion to dismiss the petition to quash for lack of jurisdiction. *See* doc. 5, "Declaration of Donna Lamonna."

III.    Discussion

Badman's affidavit fails to rebut the prima facie showing made by the IRS in support of enforcing the summons. Therefore, we will dismiss Badman's petition to quash the summons and require PNC Bank to comply with the summons.

### A. Applicable Legal Standard for Summons Proceedings

Pursuant to 26 U.S.C. § 7602(a)(2), the IRS may issue and serve a summons on a third-party record-keeper for, among other reasons, an investigation of a taxpayer's federal income tax liability. The taxpayer subject to the investigation, however, may initiate a proceeding to quash the summons served upon the third-party record-keeper. 26 U.S.C. § 7609(b)(2)(A). We have jurisdiction to consider Badman's petition to quash the summons served upon PNC Bank pursuant to 26 U.S.C. § 7609(h)(1).

To enforce an administrative summons, the IRS must make a four-part, prima facie showing that it issued the summons in good faith. To make the prima facie showing, the IRS must show: (1) the investigation is being conducted for a legitimate purpose; (2) the summons seeks information relevant to that purpose; (3) the IRS does not already possess the information; and (4) the IRS has followed the proper procedural steps in issuing and serving the summons. *United States v. Rockwell Int'l,* 897 F.2d 1255, 1262 (3d Cir. 1990) (discussing *United States v. Powell*, 379 U.S. 48, 57-58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964)). An affidavit from the IRS Agent who issued the summons and is seeking its enforcement is sufficient to make the prima facie showing. *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 68 (3d Cir. 1979).

4

With respect to the purpose of the summons, "[T]he requirement of legitimate purpose means nothing more than that the government's summons must be issued in good faith pursuant to one of the powers granted under 26 U.S.C. § 7602." *Rockwell*, 897 F.2d at 1262.  Section 7602 permits the IRS to issue a summons "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability . . . ." Additionally, the purpose of the summons may include "inquiring into any offense connected with the administration or enforcement of the internal revenue laws."  26 U.S.C. § 7602(b). Thus, the IRS may issue a summons in a civil or criminal investigation related to the administration or enforcement of internal revenue laws.  *Pickel v. United States*, 746 F.2d 176, 184 (3d Cir. 1984).  Once the IRS has made a referral to the Justice Department, however, it may no longer issue the summons. *See* 26 U.S.C. § 7602(d); *Pickel*, 746 F.2d at 184 (discussing the amendment of § 7602 in response to *United States v. LaSalle Nat'l Bank*, 437 U.S. 298 (1978)).

When the IRS makes the prima facie showing, the taxpayer may "challenge the summons on any appropriate ground." *Rockwell,* 897 F.2d at 1262 (quoting *Powell*, 379 U.S. at 58). Appropriate grounds for challenging the summons include:

5

disproving one of the four elements in the IRS's prima facie showing, or demonstrating that enforcement of the summons will result in an "abuse of process." *Id.* To satisfy this "heavy" and "almost insurmountable" burden, *Pickel*, 746 F.2d at 184-85, the taxpayer must submit an affidavit factually opposing the IRS's declarations. *Garden State*, 607 F.2d at 71. An affidavit containing legal conclusions is insufficient. *Id.* If the taxpayer's affidavit creates a disputed issue of fact in challenging the prima facie showing, the court must permit an evidentiary hearing. *Id.*

>    *B.   The IRS Makes a Prima Facie Showing for
>         Enforcement of the Summons*

The IRS, through an affidavit submitted by Revenue Agent Lamonna, made the requisite prima facie showing by satisfying the four part inquiry required for enforcement of the summons. Lamonna's affidavit declares that the purpose of the investigation of Badman is to establish "the Federal tax liabilities of Fred S. Badman for the years 2000, 2001, 2002, and 2003." This is a legitimate purpose as it fits within the powers granted to the IRS in 26 U.S.C. § 7602. Second, the testimony and bank records are relevant because they will help determine Badman's tax liability. Third, the bank records are not already in the possession of the IRS. Fourth, Lamonna has declared that the IRS has followed all of the administrative

steps in issuing the summons.  doc. 5, "Declaration of Donna Lamonna," ¶¶ 11-13.  The IRS has thus made a prima facie showing for enforcement of the summons.

Lamonna has also declared that (1) "no 'Justice Department referral' is in effect" for Badman, (2) the IRS has not recommended that the Justice Department begin a grand jury investigation or criminal prosecution, (3) the IRS is not delaying a recommendation to the Justice Department to collect more information, and (4) the Justice Department has not requested any tax information regarding Badman.  *Id.* ¶ 14.

### *C.  Badman's Affidavit Fails to Refute the IRS's Prima Facie Showing*

To counter the IRS's prima facie showing, Badman submitted an affidavit challenging three of the four factors. (doc. 2).  First, Badman argues that Lamonna failed to comply with various IRS administrative requirements in issuing the summons.  Second, Badman claims that the information sought by the summons is already in the possession of the IRS.  Finally, Badman claims that the IRS is actually seeking evidence in support of a criminal investigation and, therefore, the summons is an abuse of the administrative process.[2]  (doc. 2, pp. 1-2).

---

[2] Badman's brief in support of the petition to quash also argues that the summons is "fraudulent on its face;" however, his affidavit contains no reference to this argument.  The failure to raise this argument in an affidavit means that we

7

We will first address Badman's challenge to part four of the prima facie showing: the IRS's compliance with the administrative steps necessary to issue the summons. Specifically, Badman claims that the summons failed to comply with Part 25, Chapter 5, Section 2 of the Internal Revenue Manual because the summons, on its face, lacked particular information.  The Internal Revenue Manual, specifically the Summons Handbook, is issued pursuant to provisions of the Internal Revenue Code and provides guidelines for IRS employees issuing a summons. *See Internal Revenue Manual,* 25.5.1.1(1), 25.5.1.2.  The missing information, according to Badman, includes: a failure to "Insert the name of the area" in the space provided on the summons form, a failure to include the title or official status of the party summoned, and a failure to include the correct address of the person summoned.  (doc. 2, p. 2).  Each of these is required by section 25.5.1-1 of the Internal Revenue Manual.  *See Internal Revenue Manual*, 25.5.1-1, "General Instructions for Preparation of Summons."

While the IRS's prima facie showing requires that it follow the administrative steps for properly issuing a summons,

---

will not consider it in evaluating Badman's challenge to the IRS's prima facie showing. *See Garden State*, 607 F.2d at 71 (explaining: "In responding to the Government's [prima facie] showing, it is clear that a taxpayer must factually oppose the Government's allegations by affidavit . . . [M]ere memoranda of law will not suffice.").

8

when "a taxpayer has received every benefit of an administrative procedure required under the [Internal Revenue] Code, 'a failure by the IRS to meet the technical niceties of the statute will not bar enforcement of the summons.'" *Xelan, Inc. v. United States*, No. Civ. A 03-6433, 2004 WL 1047721, at *4 (E.D. Pa. May 6, 2004) (internal citations omitted). *See also Cook v. United States*, 104 F.3d 886, 890 (6th Cir. 1997) ("[T]he district courts possess discretionary authority to excuse the [IRS's] technical notice errors where the party in interest suffered no actual prejudice."). The purported errors each concern omissions from the summons form, a copy of which was sent to Badman to provide him notice of the summons. Assuming, arguendo, that the IRS failed to comply with these particular Internal Revenue Manual requirements, Badman has failed to allege prejudice from the errors. Additionally, despite the errors, the document provided adequate notice of the summons such that Badman managed to file a motion to quash before the twenty day statutory deadline. *See* 26 U.S.C. § 7609(b)(2)(A). Therefore, the presence of any technical errors in the summons form, if true, does not disprove the prima facie showing necessary to enforce the summons.

Badman also challenges the IRS's assertion that it complied with the required administrative steps by claiming that Lamonna lacked the authority to serve the summons on PNC Bank.

9

(doc. 2, p. 2). Badman again points to the Internal Revenue Manual to support his claim that the authority to serve a summons has not been delegated to Lamonna, an IRS Revenue Agent.

We reject this argument because we find that Revenue Agents do have the authority to serve a summons. The plain language of the Internal Revenue Manual in effect when Lamonna served the summons[3] delegated the authority to serve a summons to the following individuals: (1) "Each of the officer/employees listed in Authorities 1, 2, and 3 of Delegation Order No. 4," (2) Revenue Officers and Tax Examiners, (3) Revenue Officer Aides, and (4) Tax Fraud Investigative Aides. *Internal Revenue Manual* 25.5.1.3.4 (Apr. 30, 1999). Despite Badman's claim, Delegation Order No. 4 delegated the power to serve a summons on Revenue Agents. Subsection 11 of Delegation Order 4 identified the individuals who may serve an IRS summons. Such authority was delegated to "[e]ach of the officers/employees listed in the delegated portion for Authorities 1, 2 and 3 (paragraphs 2, 5 and 8) of this Order . . . ." *Internal Revenue Manual*, 1.2.52.7 (12). Looking to Authority 3 (paragraphs 8, 9) from Delegation Order 4, Revenue Agents are listed as an authority who may both

---

[3] We note that the section identifying the employees who may serve a summons was updated on October 31, 2006, to explicitly name Revenue Agents rather than grant them authority by cross reference to Delegation Order 4. *See Internal Revenue Manual*, 25.5.1.3.4(1)(a.) (Oct. 31, 2006).

10

issue and serve a summons. *Internal Revenue Manual*, 1.2.52.7(8)(9). Therefore, Lamonna was acting within her authority when she served the summons on PNC Bank.

Badman's other arguments challenging the IRS's prima facie showing also fail. In his affidavit, Badman alleges that Revenue Agent Mitchell Daher and Group Manager Diana J. Nistit already possess the information sought in the summons. (doc. 2, p. 2). Badman also claims that the true purpose of the summons is to obtain evidence for a criminal conviction and, therefore, the summons is an abuse of the administrative process. *Id*.

These two arguments do not rebut the IRS's prima facie showing for enforcement of the summons. As noted, an affidavit containing legal conclusions is insufficient to challenge the IRS's prima facie case. Instead, the taxpayer must factually oppose the IRS's allegations. Badman's assertions that the IRS already has the information sought in the summons and that the investigation is being conducted to collect evidence for a criminal prosecution are legal conclusions which lack factual support. Without more, the legal conclusions contained in Badman's affidavit are insufficient to overcome the heavy burden of disproving any elements of the IRS's prima facie case.

Badman's allegation that the IRS is using the summons in connection with a criminal investigation would fail even if it were factually supported. The amendment of 26 U.S.C. § 7602

11

empowers the IRS to investigate "any offense connected with the administration and enforcement" of the tax laws, provided the summons is issued prior to referral of the investigation to the Justice Department.  26 U.S.C. § 7602(b), (d); *Pickel*, 746 F.2d at 183-84.  Here, Badman's affidavit claims that the IRS Revenue Agents have issued the summons "to support a conviction under a federal criminal statute or furnish a link in the chain of evidence needed to prosecute."  (doc. 2, p. 2).  Section 7602(b), however, now permits the IRS to conduct a criminal investigation provided the offense is connected with internal revenue laws and the summons is issued prior to referral to the Justice Department.  Badman's affidavit does not allege that the IRS has issued the summons in connection with a criminal offense not associated with internal revenue laws, and the affidavit does not dispute the IRS's declaration that a Justice Department referral has not occurred.  Therefore, even if Badman's affidavit presented factual allegations regarding a criminal investigation for a revenue offense, the summons is still enforceable because it was issued for a legitimate purpose.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: January 11, 2007

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


FRED S. BADMAN,                   :
         Petitioner
                                  :

         vs.                      :    MISC. NO. 1:MC-06-241

                                  :
INTERNAL REVENUE SERVICE, et al.,
         Respondents              :
```

O R D E R

AND NOW, this 11th day of January, 2007, based on the accompanying memorandum, it is ordered that:

    1. Fred S. Badman's petition to quash the summons (doc. 1) issued and served upon PNC Bank is denied;

    2. PNC Bank shall comply promptly with requirements of the Internal Revenue summons issued to it by Donna Lamonna on August 21, 2006.

    3. The Internal Revenue Service's motion to recover costs in opposing Badman's motion, which cites no authority for such an award, is denied.

    4. The Clerk of Court shall close this file.

                                /s/ William W. Caldwell
                                William W. Caldwell
                                United States District Judge